United States District Court
Southern District of Texas
**ENTERED**
October 14, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| United States of America, | § | |
| | § | |
| *Plaintiff-Respondent* | § | |
| v. | § | Crim. No. 4:19-cr-00473-1 |
| | § | Civ. No.  4:21-cv-03415 |
| Julian Antonio Reyes-Guerrero, | § | |
| | § | |
| *Defendant-Movant.* | § | |

## MEMORANDUM AND RECOMMENDATION

Pending is Defendant Julian Antonio Reyes-Guerrero's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Crim. Dkt. 40; Civ. Dkt. 1. In addition, the United States of America (the "Government") filed a motion to dismiss Reyes-Guerrero's motion as untimely. Crim. Dkt. 50; Civ. Dkt. 5. After carefully considering the parties' motions, it is recommended that the Government's motion to dismiss be granted (Crim. Dkt. 50; Civ. Dkt. 5), and that Reyes-Guerrero's Section 2255 motion be denied (Crim. Dkt. 40; Civ. Dkt. 1).

### Background

On September 6, 2019, Defendant Julian Antonio Reyes-Guerrero pleaded guilty to conspiracy to possess with intent to distribute 50 grams or more of a mixture containing a detectable amount of methamphetamine, in

violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(B)(viii). Crim. Dkt. 26 at 1 (plea agreement), Crim. Dkt. 48 at 14-15, 22-23 (re-arraignment). The Court entered a final judgment on February 13, 2020, sentencing Reyes-Guerrero to 114 months imprisonment and five years of supervised release. Crim. Dkt. 38. Reyes-Guerrero did not appeal his conviction or sentence.

On October 12, 2021, Reyes-Guerrero filed the pending motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, which was referred to the undersigned judge. Crim. Dkt. 40; Civ. Dkt. 1 & 3. The motion asserts four challenges based on ineffective assistance of counsel. *See* Civ. Dkt. 1 at 5-10. The Government then moved to dismiss the § 2255 motion as time-barred. Crim. Dkt. 50; Civ. Dkt. 5.

## Analysis

**I.  Reyes-Guerrero's request for relief under Section 2255 is governed by a one-year statute of limitations.**

The Government contends that Reyes-Guerrero's challenges are untimely. Crim. Dkt. 50 at 10-13; Civ. Dkt. 5 at 10-13. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), motions under 28 U.S.C. § 2255 are subject to a one-year limitations period. AEDPA states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1)  the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Reyes-Guerrero does not contend that the Government prevented him from seeking relief sooner, that the Supreme Court recognized a relevant new right and made it retroactively applicable to him, or that his contentions depend on newly discovered facts. *See id.* § 2255(f)(2)-(4). The relevant limitations period is therefore prescribed in Section 2255(f)(1), which required Reyes-Guerrero to file his Section 2255 motion within one year of the date on which his conviction became final. *Id.* § 2255(f)(1).

## II. Reyes-Guerrero's motion is barred as untimely.

Reyes-Guerrero did not appeal the final judgment, which was entered on February 12, 2020. Crim. Dkt. 38. For purposes of Section 2255(f)(1), his conviction became final fourteen days later, on February 26, 2020. *See United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) (announcing this principle under previous, 10-day deadline for filing notice of appeal under Fed.

3

R. App. P. 4(b) (2005)); Fed. R. App. P. 4(b)(1)(A) (14-day deadline for filing a direct appeal). The one-year limitations period under Section 2255(f)(1) therefore expired on February 26, 2021.

As the Government correctly notes, Crim. Dkt. 50 at 10-11; Civ. Dkt. 5 at 10-11, Reyes-Guerrero did not send his § 2255 motion until October 6, 2021. Crim. Dkt. 40 at 12; Civ. Dkt. 1 at 12. That was more than seven months after the limitations period had expired. Reyes-Guerrero's motion is thus untimely.

The record also does not reflect any basis for extending the limitations period through equitable tolling. Reyes-Guerrero bears the burden to justify equitable tolling by showing "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Lawrence v. Florida*, 549 U.S. 327, 336 (2007). These exceptions are narrowly construed, limited primarily to instances "where the defendant actively misleads the plaintiff about the cause of action or prevents the plaintiff from asserting his rights in some extraordinary way." *Jones v. Lumpkin*, 22 F.4th 486, 490 (5th Cir. 2022) (citing *United States v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016)). Ignorance of the law does not suffice. *See id.* at 491.

Here, Reyes-Guerrero neither asserts nor demonstrates that equitable tolling is warranted. The only explanation provided for his untimely filing is

4

inapposite; it merely incorporates one of his underlying (merits) contentions that the Court lacked jurisdiction to sentence him. *Compare* Civ. Dkt. 1 at 11-12 (stating, "This is a jurisdictional issue" and "sentence without jurisdiction"), *with id.* at 8 (alleging "The court lacked jurisdiction" and that "due to ineffective assistance the court was allowed to impose sentence without drug analysis reports and without and [six] indictments for these offenses. Additionally there were no sales made or any attempt to make any sales."). But the Court cannot reach that contention unless Reyes-Guerrero first establishes some extraordinary circumstance that merits tolling the limitations period. No such showing was made.

A review of the record also confirms that nothing prevented Reyes-Guerrero from timely seeking relief. To the contrary, at the September 6, 2019 re-arraignment hearing, the Court explicitly advised Reyes-Guerrero of his right to assert an ineffective assistance of counsel claim under Section 2255. Crim. Dkt. 48 at 10. Reyes-Guerrero attested that he knew and understood this right. *Id.* at 10-11. There is no indication that Reyes-Guerrero acted diligently or was precluded from filing his Section 2255 motion within the one-year limitations period. His motion should be dismissed.

Because Reyes-Guerrero offers no cognizable justification for his untimely filing, no evidentiary hearing is necessary. *See United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) ("If, however, the defendant's

showing is inconsistent with the bulk of her conduct or otherwise fails to meet her burden of proof in the light of other evidence in the record, an evidentiary hearing is unnecessary."). Further, as no reasonable jurist could disagree with this conclusion, a certificate of appealability should be denied. *See Buck v. Davis*, 137 S. Ct. 759, 773 (2017) ("At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'") (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)); 28 U.S.C. § 2253(c)(2).

## Recommendation

For the foregoing reasons, it is **RECOMMENDED** that the Court **GRANT** the Government's motion to dismiss (Crim. Dkt. 50; Civ. Dkt. 5) and **DENY** Reyes-Guerrero's motion for relief under 28 U.S.C. § 2255 (Crim. Dkt. 40; Civ. Dkt. 1). It is further **RECOMMENDED** that the Court decline to hold an evidentiary hearing and deny a certificate of appealability.

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for**

plain error.  *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).

Signed on October 14, 2022, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge